*1115 OPINION.
MaRquette :
The petitioner contends that a portion of the account of the Northampton Silk Co. was determined to be worthless and was charged off in 1924; that a further portion of that account and a portion of the account of the Robinson Silk Co. were determined to be worthless and were charged off in 1925; and that the respondent erred in disallowing the amounts so charged off, as bad debt deductions from income.
The statute requires, as essential to the allowance of a bad debt deduction, ascertainment of worthlessness of the debt and a charge-off of the debt on the books. Failure to comply with either of these *1116 requirements must result in disallowance of the deduction. Conceding that the entries made on the books in 1924 and 1925 constitute substantial compliance with the statute as to charge-off of the debts, it remained for the petitioner to give proof of such facts as would enable the Board to determine that there had been an ascertainment of worthlessness. The fact that the affairs of the Northampton Silk Co, were being carried on at the close of 1924 and 1925 by a creditors’ committee does not establish the worthlessness of any part of the account of that company. The issue required proof as to the prospects of liquidation of the account through the operations of the committee, and this has not been given by the petitioner. As to the indebtedness of the Robinson Silk Co., that appears to have been liquidated through the issuance of capital stock of the reorganized company to creditors in settlement of accounts of the old company. If the stock received by the petitioner had a fair value less than its claim against the defunct company, the burden of proving the fact rested with the petitioner, but it has not met that burden and the presumption of prima facie correctness attaching to the respondent’s determination must prevail.

Judgment will be entered for the respondent.